**GOYA DE PUERTO RICO, INC. Plaintiff**

v.

**Miguel MUÑOZ–MUÑOZ, et al. Defendants**

**Civil No. 00–1291(SEC).**

United States District Court, D. Puerto Rico.

March 20, 2001.

Marta Quiñones–Zambrana, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Plaintiffs.

Francisco A. Ojeda–Diez, Department of Justice of P.R., Federal Litigation Division, San Juan, PR, for Defendants.

**ORDER ON RECONSIDERATION**

CASELLAS, District Judge.

Pending before the Court is Plaintiff's— Goya de Puerto Rico, Inc., ("Goya")—"Motion to Amend Judgment under Fed.

R.Civ.P. 59(e)." (Docket # 35).[1] For the reasons stated below, Plaintiff's motion is **DENIED**.

## I. Background

On April 25, 2000 this Court entered an order granting a motion to dismiss filed by co-defendants Miguel O. Muñoz–Muñoz and Andrés Rosado–Padilla, (hereinafter "Co-defendants"), whereby the Court found that the case of *Goya De Puerto Rico, Inc. v. Neftalí Santiago*, 59 F.Supp.2d 274 (D.P.R.1999), ("*Goya I*"), barred the instant action on grounds of *res judicata*, because it involved the same regulation, the same parties, and an adjudication on the merits upon the same issues present in this legal suit. *See Goya de Puerto Rico, Inc. v. Miguel O. Muñoz*, 95 F.Supp.2d 61 (D.P.R.2000) (Opinion and Order granting defendants' motion to dismiss), ("*Goya II*"). The Court found that the instant case did not present an exception to the doctrine of claim preclusion/*res judicata* because "[a] careful study of the challenged provisions, in conjunction with the evidence presented to the Court at the preliminary injunction hearing . . . do not show a *prima facie* case of unconstitutional discrimination that would justify a departure from the standard rules of *res judicata*." *Id.* at 68. Not satisfied with our decision, the Plaintiff has sought reconsideration of that ruling. (Docket # 35).[2]

Plaintiff's arguments on reconsideration are circumscribed to the following: (1) that the Court erred in concluding "that there was sufficient identicalness between the causes of action raised by Goya in the case

at bar and its prior suit against defendants," and (2) "that even if the claims presented in both the prior and present action are considered to be identical, an exception to the doctrine of claim preclusion should have barred the application of *res judicata*." (Docket # 35 at 2).

Plaintiff's first argument is based on the following assertion: "that at the time *Goya I* was filed and adjudged, plaintiff was not being adversely affected, as is the case with the present complaint, by defendants' enforcement of each and every [provision of the challenged regulation.]" (*Id.* at 3). Goya alleges that the Detention Orders filed along with its pleadings constitute "clear and unequivocal evidence" that it was not until January 20, 2000 that the Commonwealth Department of Agriculture started to enforce the coding requirements established by Section VII of Regulation No. 5—alleged to be unconstitutional. (*Id.* at 4). Goya notes that although its complaint in *Goya I* did challenge the constitutionality of Regulation No. 5 as a whole, it made specific allegations regarding Articles III(E)(10)(i), III(E)(11), IV(C)(1–5), VI, VIII(B) and IX(A)(B) of Regulation No. 5 "because those were the particular sections of the Regulation that, at that point in time, were being enforced against Goya." (*Id.*) Therefore, an actual case and controversy arguably did not exist at that time concerning Sections V and VII of Regulation No. 5 (the sections challenged in this case). Consequently, Goya asserts that the controversy was not ripe for judicial adjudication. (*Id.* at 4–5).

---

**1.** Also in connection with this matter, the Court has considered Co-defendants' opposition, (Docket # 37), a supplementary motion filed by Goya calling the Court's attention to the case of *Northwestern Selecta, Inc. v. Hon. Miguel Muñoz*, 106 F.Supp.2d 223 (D.P.R. 2000), (Docket # 40), and Co-defendants' reply brief. (Docket # 41).

**2.** Plaintiff's motion was filed on May 11, 2000. (Docket # 35). The Judgment was entered on the docket on April 27 of the same year. (Docket # 34). Pursuant to Fed. R.Civ.P. 59(e), Plaintiff only had ten (10) days to file its motion to amend. Excluding Saturdays and Sundays as mandated by Fed. R.Civ.P. 6, Plaintiff's motion was timely filed.

Goya's second argument is that, assuming that the controversies in *Goya I* and this case are identical, the Court should nevertheless make an exception to the application of *res judicata* on grounds that Regulation No. 5 is *prima facie* unconstitutional, violating Goya's First Amendment rights (coerced speech) and the Commerce Clause. (*Id.* at 6–7). For that purpose, Goya cites to the *Restatement of Judgments 2d* § 26 (1982) which "suggests" that there may be two exceptions to the doctrine of claim preclusion, the first one to "prevent unusual hardship" in extraordinary circumstances and the second one, "when the plaintiffs second suit grows out of facts not in existence at the time of the first." (*Id.* at 7–8) (internal quotation marks and citations omitted). Arguing that its situation falls within any of the two exceptions, and that the Court erred in finding that Regulation No. 5 as it now stands (after Judge Cerezo's ruling in *Goya I* ) is not *prima facie* unconstitutional, Goya tried to convince the Court that claim preclusion should not be applied to bar this suit.

Goya's supplementary motion, filed on August 8, 2000, (Docket # 40), lends support to its arguments attacking the validity of Regulation No. 5. In that motion, Goya brings the Court's attention to the case of *Northwestern Selecta, Inc. v. Hon. Miguel Muñoz,* 106 F.Supp.2d 223 (D.P.R. 2000), a case brought against one of the co-defendants in this case—the Commonwealth Secretary of Agriculture, in his personal and official capacity—where the court ruled that Market Regulation No. 8, which dealt with the marketing in Puerto Rico of imported poultry, was preempted by section 467(e) of the Poultry Products Inspection Act, 21 U.S.C. §§ 451, *et. seq.* Plaintiff argues that the Opinion in *Northwestern Selecta, supra,* has a significant bearing on the results in this case because of "the similarities between the nature of the litigants and the causes of actions argued by the parties." (Docket # 40 at 2). Such similarities arguably are manifest because "[i]n both cases, plaintiff is an importer of consumer goods which is being directly and adversely affected by defendant's implementation of a state regulation in detriment of specific rights protected by the Constitution of the United States." (*Id.*). Moreover, Plaintiff argued in its complaint that the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–92, preempts the Commonwealth's application of Regulation No. 5. A similar issue was addressed and resolved by the court in favor of the Plaintiffs in *Northwestern Selecta, supra.*

Co-Defendants Muñoz–Muñoz and Rosado–Padilla opposed Plaintiff's motion to amend on grounds that the doctrine of claim preclusion operates to bar this action. (Docket # 37 at 2). For that purpose, they relied on *Puerto Rico Maritime Shipping Authority v. Federal Maritime Commission,* 75 F.3d 63 (1st Cir.1996), a case where the First Circuit was presented with a situation where "the identity of the parties and the existence of a final judgment on the merits were not in dispute [and] the parties ha[d] focussed [sic] on whether there was sufficient identity between the causes of action actually litigated." *Id.* at 66. In that case, the First Circuit stated that it did not need to "enter the fray," "for under the principle of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* Therefore, co-defendants argue that even if the Court were to find that the claims in *Goya I* and this case were not identical, the fact that both complaints contained identical elements, where plaintiff "sweepingly sought a declaration of unconstitutionality for the whole of Regulation No. 5 as infringing the Interstate Com-

merce Clause of the United States Constitution" was indicative of the issues involved, regardless of the court's ruling in *Goya I*. Defendants' enforcement of Regulation No. 5 arguably "is the common nucleus of operative fact" described by the First Circuit in *Kale v. Combined Insurance Company of America*, 924 F.2d 1161 (1st Cir.1991). (Docket # 37 at 4–5).

## II. Analysis of Applicable Law

In *Goya de Puerto Rico v. Miguel Muñoz*, 95 F.Supp.2d 61, 65 (D.P.R.2000), ("*Goya II*"), this Court stated that pursuant to the federal rules of claim preclusion, if a judgment is entered for the plaintiff, the claims he asserted thereon are extinguished and they merge in the judgment; whereas"if the judgment is for the defendant, the plaintiff is barred from reasserting the claim." *Id.* (citing *Restatement of Judgments 2d* § 17). Again, the only issue before the Court is whether Goya's claims in *Goya I* and Goya's claims in this suit are sufficiently identical so as to bar the filing of the present suit.

In *Goya II*, the Court ruled that this case was barred by the application of the doctrine of claim preclusion based on the fact that Goya's complaints in both *Goya I* and *II* concerned the legality of Regulation No. 5 of the Commonwealth Department of Agriculture, involving allegations of economic protectionism, and the violation of several federal laws. *Goya II*, 95 F.Supp.2d at 67. The Court also held that the exceptions to the doctrine of claim preclusion are not applicable to this case, because the challenged sections of Regulation No. 5 are not unconstitutional *per se*. *Id.* at 69–70.

The *Restatement of Judgments 2d* § 24 (1982) provides:

**Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"**

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

The comments to section 24, *Restatement of Judgments 2d* explain that: "The present trend is to see claim [sic] in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff ... The transaction is the basis of the litigative unit or entity which may not be split."

█ The Court has already ruled that the transaction involved in this case, as was in *Goya I*, is the legality of Regulation No. 5 both *per se* and as applied. Goya attempted to argue that successive acts or events occurring after the court's ruling on *Goya I* prevent the application of the doctrines of *res judicata* or claim preclusion to this case. In particular, it argued that "after the judgment was issued, commencing in January of this year in 1999[sic], the Secretary issued detention orders against

Goya based on Section VII of Regulation No. 5, section that was not being used prior to this litigation." (Preliminary Injunction Hearing of March 29, 2000, Hr'g. Tr. at 4–5). However, this argument is ineffective in preventing the application of the doctrine of claim preclusion. The reason is that Goya's complaint seeks remedies that were raised or could have been raised in the prior action. The Department of Agriculture's current enforcement of Section VII of Regulation No. 5 is not the crux of Goya's complaint, rather the whole of Regulation No. 5 is. Goya's first cause of action claims that Regulation No. 5 *as a whole* is unconstitutional and violates Art. I, Section 8, Clause 3 of the United States Constitution. Goya's second cause of action claims that Regulation No. 5 is discriminatory on its face. Goya's third cause of action claims that Regulation No. 5 is preempted by the Food and Drug Administration ("FDA"), the Federal Food, Drug, and Cosmetic Act ("FFDC"), and the U.S. Department of Agriculture ("USDA"). (Docket # 1, Verified Complaint).[3] These are all claims that reasonably could have been brought, or were actually brought as part of the complaint filed in *Goya I. See Goya II*, 95 F.Supp.2d at 67 (noting that Plaintiff's complaint in *Goya I* claimed: (a) that Regulation No. 5 violated the commerce clause to the U.S. Constitution, (b) that it was facially discriminatory, and (c) that it violated the labeling requirements of the FFDC).

Moreover, Goya made allegations at the preliminary injunction hearing that the Secretary of Agriculture was "circumventing the judgment of the court"—referring to *Goya I*—and that "what we are seeking here is a relief in the courts of a subsequent action in a prior case." (Hr'g.

Tr. at 7). These statements, as we shall see, have the effect of framing this case in terms of what happened in the prior case, an indication that Goya's complaint is related and flows from the first case.

Goya invokes the *Restatement of Judgments* 2d § 26 (1982) as supporting an exception to the application of the doctrine of claim preclusion in this case. Section 26(1)(f) of the *Restatement of Judgments* 2d (1982) provides:

**Exceptions to the General Rule Concerning Splitting**

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant . . .

(f) **It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as the apparent invalidity of a continuing restraint or condition having a vital relation to personal liberty or the failure of the prior litigation to yield a coherent disposition of the controversy.**

(2) In any case described in (f) of Subsection (1), the plaintiff is required to follow the procedure set forth in §§ 78–82.

(emphasis added). Without even entering to consider whether or not this case fulfills the limited set of circumstances which § 26(1)(f) of the *Restatement of Judgments 2d* comprehends, the Court notes that procedurally, this action is not the proper vehicle for the remedy requested. The *Restatement of Judgments 2d* § 26(2) provides that if subsection 26(1)(f) is satis-

---

3. Plaintiff's amended complaint, (Docket # 4, Verified Amended Complaint), only adds allegations against specific sections of Regulation No. 5, but the claims for relief and causes of action stayed the same, so the same rationale applies to it.

fied, the procedure to be used is that provided by sections 78–82 of the *Restatement*. The *Restatement of Judgments 2d* § 78 (1982) provides that: "Relief from a judgment must be obtained by means of a motion for that purpose in the court that rendered the judgment unless relief may be obtained more fully, conveniently, or appropriately by some other procedure." This section is actually referring to the procedural mechanism provided by Fed. R.Civ.P. 60(b), a motion for relief from judgment. *See Restatement of Judgments 2d* § 78, comment (a) (1982) ("The contemporary prototype is Rule 60(b) of the Federal Rules of Civil Procedure . . . The motion is to be distinguished from a separate action, traditionally one in equity, to set aside a judgment . . ."). The Restatement also indicates that "[t]he Rule 60(b) type of motion is the preferred procedure for attacking a judgment." *Id.*[4]

In this case Goya has argued that the Secretary has tried to circumvent Judge Cerezo's ruling in *Goya I*. (Hr'g Tr. at 7), (Docket # 24, Ver'd Am. Compl. ¶ 17). In fact, Goya makes extensive reference in its complaint to the ruling of *Goya I*, (Docket # 24 ¶¶ 7–12), and states that "[t]he defendants, in an attempt to circumvent the clear and express mandate of this Court contained in the above mentioned Opinion and Order, and in Order to chastise Goya for claiming its rights under the Interstate Commerce Clause, have opted to continue depriving Goya of its rights by imposing the same type of discriminatory regulations, such as Section VII, and further inspections of the product for the only reason of protecting the ailing pigeon peas industry in Puerto Rico." (Docket # 24 ¶ 17). This allegation does not provide a basis for an exception to the doctrine of

claim preclusion, as this Court already ruled in *Goya II*, but rather it resembles the kind of allegation that Goya would need to articulate in a motion to enforce a judgment or for relief from an existing final judgment.

Because the Court has already ruled that Plaintiff's complaint in the above-captioned case is precluded by the existence of a prior judgment entered among the same parties, concerning the same issues, it is unnecessary to reach the merits of its claim. Accordingly, Plaintiff's "Motion to Amend Judgment Under Fed.R.Civ.P. 59(e)", (Docket # 35), is **DENIED.**

**SO ORDERED.**

---

4. On the other hand, if what Goya seeks is to enforce a judgment, it may do so before that court which retained enforcement jurisdiction. *See U.S.I. Properties Corp. v. M.D. Const.*

*Co.*, 230 F.3d 489, 496 (1st Cir.2000) (discussing the contours of the federal courts' "enforcement jurisdiction").